IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL ELIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-170-C |
| | ) | |
| SGT. TOM SNYDER, OKC PD | ) | |
| Badge No. 1179, in his individual and | ) | |
| official capacities; | ) | |
| SGT. CLINT DELLINGER OKC PD | ) | |
| Badge No. 1310, in his individual and | ) | |
| official capacities, and | ) | |
| CITY OF OKLAHOMA CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983 suing the two Defendant officers alleging excessive use of force. On May 31, 2008, Defendant officers responded to a radio call of a drive-by shooting. While Defendants were pursuing his vehicle, Plaintiff jumped out of the car and began running away. Plaintiff asserts that at the time he got out of his car he dropped his gun. Defendants argue that Plaintiff pointed the weapon at them. The parties are in agreement that Defendant Snyder struck Plaintiff with the patrol car. After a short foot chase, the Plaintiff was caught by Officer Dellinger. Plaintiff was handcuffed and force was used in that process. Defendant Snyder did not participate in the handcuffing. Arguing that the officers' conduct that night violated his constitutional rights, Plaintiff filed the present action.

The matter was referred to Magistrate Judge Robert E. Bacharach in accordance with 28 U.S.C. § 636(b)(1)(B).  Defendants filed a Motion for Summary Judgment seeking dismissal based on qualified immunity.  In a thorough and well-reasoned Report and Recommendation ("R&R"), Judge Bacharach recommended the Court deny summary judgment on the deadly force claims, deny the excessive force claim against Officer Dellinger, and grant Officer Snyder summary judgment on the excessive force claim.

Defendants filed a timely objection to the R&R arguing that Judge Bacharach ignored controlling Tenth Circuit law and refused to properly evaluate testimony by Plaintiff regarding when he dropped his gun.  According to Defendants, when that testimony is properly considered it is clear that the officers were within their rights to use deadly force. After review of the parties' briefs and the underlying materials, the Court finds Defendants' arguments are not well supported.  While it may be said that Plaintiff has testified inconsistently, to accept only the portions of the testimony supported by Defendants would require the Court to weigh the value of Plaintiff's testimony and accord credibility to only a portion of it.  Neither action is proper at this stage of the proceedings.  Further, Defendants' reliance on Plaintiff's no contest plea is misplaced and Judge Bacharach's analysis of that portion of the claim does not ignore controlling law.  As Judge Bacharach noted, Plaintiff's actions and statements in the criminal case in this matter do not establish the factual predicate that he in fact pointed the gun at the officers in such a manner as to require their reaction with deadly force.  As for Defendants' arguments that the R&R ignores controlling Tenth Circuit precedent, that argument holds weight only if the Court also balances Plaintiff's testimony

and discredits part of it. As noted above, that process is forbidden at this stage. The R&R correctly sets forth the existence of controlling law and establishes at a minimum a factual dispute as to whether or not Defendants violated Plaintiff's constitutional rights as set forth in that controlling law. Accordingly, the R&R correctly determines that Defendants are not entitled to qualified immunity.

While the Objection to the R&R was pending, Plaintiff decided not to pursue a deadly force claim against Defendant Dellinger. Accordingly that claim will be deemed dismissed.

For the reasons set forth herein, the Court adopts in full the Report and Recommendation on the summary judgment motion by Sgts. Snyder and Dellinger (Dkt. No. 115). Plaintiff's claims for use of deadly force in regard to being struck by the car against Defendant Snyder and the excessive force following his handcuffing by Officer Dellinger shall survive. Defendant Snyder is entitled to judgment on the excessive force claim. A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 30th day of September, 2011.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge